UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV-137-M

Leon GRIDER, et. al.                                                                    PLAINTIFFS

v.

CITY OF RUSSELL SPRINGS, KENTUCKY, et. al.                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Scott Hammond's Supplemental

Motion to Dismiss the claims against him in his official capacity (Docket #17).  This matter is

now ripe for adjudication.  For the following reasons, the Defendant's Supplemental Motion to

Dismiss is **GRANTED**.

## BACKGROUND

The complaint asserted against Defendant Scott Hammond ("Hammond") states claims

against him in both his individual and official capacity.  Hammond is a Trooper with the

Kentucky State Police (KSP).  KSP is a part of the Commonwealth of Kentucky, and it is not

only funded by the Kentucky General Assembly, but it also is run by the executive branch of the

Commonwealth state government.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the district court must accept all of the allegations in the complaint as true, and

construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*,

188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v.*

*Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact

will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir.

2002).  A "complaint must contain either direct or inferential allegations respecting all the

material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104

F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.

1993)).

## DISCUSSION

The United States Supreme Court, in *Will v. Michigan Dept. Of State Police*, a case

arising from the Sixth Circuit, held that a "suit against a state official in his or her official

capacity is not a suit against the official, but rather a suit against the official's office." *Will v.*

*Michigan Dept. Of State Police*, 491 U.S. 58, 67 (1989).  As such, a suit against a government

agent in their official capacity equates to a suit against the government agency in question.  In

*Ford Motor Co. v. Department of the Treasury*, the US Supreme Court held that the Eleventh

Amendment prevents an award of money damages from a state treasury even if an individual

officer is named as the defendant, and not the state. *Ford Motor Co. v. Department of the*

*Treasury*, 323 U.S. 459, 464 (1945).  However, the Eleventh Amendment does not preclude suits

against state officers for money damages to be paid out of the officer's own pockets. *Kentucky v.*

*Graham*, 473 U.S. 159 (1985).

In the instant matter, the office of Trooper Hammond is the KSP, an official organ of the

Kentucky State Government.  The claims brought against him in his official capacity seek

monetary, but not injunctive relief.  As such, the Eleventh Amendment bars the claims against

2

trooper Hammond in his official capacity.  However, the claims brought against Hammond in his individual capacity are not precluded by the Eleventh Amendment.

## CONCLUSION

For the foregoing reasons, the claims against Hammond in his official capacity are **DISMISSED**.

An appropriate order shall issue.